UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.,                      :
                                                     :
                                  Plaintiff,         :        REPORT &
                                                     :        RECOMMENDATION
        -against-                                    :        18-CV-5087 (NGG) (SMG)
                                                     :
JAGNARINE BOODRAM, individually and d/b/a            :
INSOMNIA LOUNGE, and INSOMNIA BAR &                  :
LOUNGE, INC., an unknown business entity d/b/a       :
INSOMNIA LOUNGE,                                     :
                                                     :
                                  Defendants.        :
--------------------------------------------------------------x
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff J & J Sports Productions, Inc. ("J & J Sports") brings this action alleging that

defendants, Insomnia Bar & Lounge, Inc. ("Insomnia") and Jagnarine Boodram (collectively

"defendants"), unlawfully intercepted and misappropriated a closed circuit television exhibition

of a boxing match held on September 12, 2015 between Floyd Mayweather, Jr. and Andre Berto

(the "event") in violation of the Federal Communications Act of 1934 ("FCA"), codified as

amended, 47 U.S.C. §§ 553 and 605.  More specifically, plaintiff alleges that defendants

intercepted and received the event without authority to do so, implying that defendants failed to

pay the required fees.  Compl. ¶ 19, Dkt. 1.  Upon plaintiff's application and in light of

defendants' failure to appear in or otherwise defend this action, the Clerk of the Court entered

defendants' default.  Dkt. 8.  Plaintiff now moves for default judgment.  Mot. for Default J., Dkt.

9.  United States District Judge Nicholas G. Garaufis has referred plaintiff's motion to me for

report and recommendation.

**DISCUSSION**

## I.    Legal Standard

A defendant's default is deemed an admission of all the well-pleaded allegations in the complaint pertaining to liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Elsevier Inc. v. Memon*, 97 F. Supp. 3d 21, 39 (E.D.N.Y. 2015).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citation omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (recognizing the court's authority, even after default, to determine whether plaintiff has properly stated a valid cause of action).  Where a complaint fails to allege one of the elements of a cause of action, it is improper to enter a default judgment for the plaintiff. *Whitfield v. Jones*, 2013 WL 6183096, at *2 (S.D.N.Y. Nov. 15, 2013).

## II.    Application

The FCA prohibits the unauthorized interception and use of various types of communication signals.  Section 605(a) prohibits the unauthorized interception and use of any "radio communication."  47 U.S.C. §605(a).  Courts have held that "[t]he term 'radio communication,' as used in the Communications Act, has long been understood to include satellite transmissions." *J & J Sports Prods. v Nacipucha*, 2018 WL 2709222, at *3 (E.D.N.Y. May 18, 2018), *report and recommendation adopted*, 2018 WL 2709200 (E.D.N.Y. June 5, 2018); *see also Garden City Boxing Club, Inc. v. Focused Enters., Ltd*., 2007 WL 1655647, at *2 (E.D.N.Y. June 6, 2007) ("Because [plaintiff] alleges that the Event was conveyed via satellite transmission, it has properly pleaded a claim under § 605(a)." (citing *Int'l Cablevision v. Sykes*,

2

75 F.3d 123, 131, 131 n.5 (2d Cir. 1996)).  Accordingly, courts in the Second Circuit have applied § 605(a) to thefts of cable communications "provided that the cable programming originated as a radio or satellite communication."  *J & J Sports Prods. v. Paucar*, 2018 WL 4501057, at *4 (E.D.N.Y. July 16, 2018) (citing *Int'l Cablevision*, 75 F.3d at 132–33 (2d Cir. 1996)), *report and recommendation adopted*, 2018 WL 4494874 (E.D.N.Y. Sept. 19, 2018).  Section 553 of the FCA prohibits the unauthorized interception of "any communications service offered over a cable system."  47 U.S.C. § 553(a)(1).

To state a claim under § 605(a) or § 553, a plaintiff must allege specifically what type of communication signal the defendant intercepted or used without authorization: radio, satellite, or cable.  *J & J Sports Prods. v. Abdelraouf*, 2019 WL 457719, at *3 (E.D.N.Y. Feb. 5, 2019) (holding that, "particularly where a plaintiff pleads a violation of sections 605 *and* 553, courts have found it inappropriate to infer that a plaintiff has stated a claim under either section absent sufficient factual allegations regarding the manner of the transmission"); *Paucar*, 2018 WL 4501057, at *4, *6; *Nacipucha*, 2018 WL 2709222, at *4, *8; *J & J Sports Prods. v. Ferreiras*, 2018 WL 6168557, at *6, *9 (E.D.N.Y. Nov. 20, 2018) (report and recommendation).  The type of signal that carried the communication is a necessary element of a cause of action under § 605(a) or § 553, without which no liability may be found, and no relief may be granted.  *See Paucar*, 2018 WL 4501057, at *4, *6.

Here, the complaint does not allege that the event was broadcast through radio, satellite, or cable transmissions, much less specify which of these was the means of broadcast.  The complaint merely alleges that defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program*."  Compl. ¶ 19.  In this respect, the complaint in this action mirrors those in the cases cited above where motions for default judgment were rejected.

3

Because plaintiff has here too failed to plead an essential element of its § 605(a) and § 553 causes of action, its motion for default judgment should likewise be denied.

### CONCLUSION

For all the reasons stated above, I respectfully recommend that plaintiff's motion for default judgment be denied. Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before July 8, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit). Counsel for plaintiff shall serve a copy of this Report and Recommendation on defendants by letter and promptly file proof of service with the Court.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
June 24, 2019

*U:\#Clerk Files\Decisions 2018-2019\J&J Sports Prods., Inc. v Boodram, et al., 18-cv-5087 (NGG) - NW.docx*