v\f

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

Plaintiff,

-against-

JAGNARINE BOODRAM, individually and d/b/a
INSOMNIA LOUNGE, and INSOMNIA BAR &
LOUNGE, INC., an unknown business entity d/b/a
INSOMNIA LOUNGE,

Defendants.
-----------------------------------------------------------------------X

**MEMORANDUM & ORDER**

18-CV-5087 (NGG) (SMG)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff J & J Sports Productions, Inc., initiated this action on September 10, 2018,

asserting claims under Sections 553 and 605 of the Communications Act of 1934 (the "Act"),

codified at 47 U.S.C. §§ 553, 605, against Defendants Jagnarine Boodram ("Boodram") and

Insomnia Bar and Lounge, Inc. ("Insomnia"). (Compl. (Dkt. 1).) Defendants have not appeared

in this action and have failed to answer or otherwise respond to the complaint. Before the court

is Plaintiff's motion for default judgment (Mot. for Default J. ("Mot.") (Dkt. 9)), which the

undersigned referred to Magistrate Judge Steven M. Gold for a report and recommendation

("R&R"). (Jan. 24, 2019 Order Referring Mot.) On June 24, 2019, Judge Gold issued an R&R

in which he recommended that the court deny Plaintiff's motion. (See R&R (Dkt. 12).)

Plaintiff timely objected to the R&R, arguing that the court should reject Judge Gold's

recommendation that the court deny its motion. (See Pl. Objs. (Dkt. 14).) Alternatively,

Plaintiff requests leave to amend its complaint. (Id.) Defendants have not responded to

Plaintiff's objections and the time to do so has passed. For the following reasons, the court

OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, and DENIES Plaintiff's

1

motion for default judgment. Additionally, Plaintiff's request to amend its complaint is GRANTED.

## I.   BACKGROUND

### A.   Factual Allegations

Because Defendants have defaulted, the court "is required to accept all of [Plaintiff's] factual allegations as true and draw all reasonable inferences in [Plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see also Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187-88 (2d Cir. 2015).

Plaintiff entered into a closed-circuit license agreement whereby Plaintiff received exclusive rights to distribute the September 12, 2015 WBA/WBC World Welterweight Championship Fight Program between Floyd Mayweather, Jr., and Andre Berto, including undercard bouts and fight commentary (collectively, the "Program"). (Compl. ¶ 16.) Plaintiff entered into sublicense agreements with various entities throughout North America, granting those entities the limited right to publicly exhibit the Program in their commercial establishment. (Id. ¶ 17.)

Defendant Boodram is the person listed as the principle of Insomnia and has a legal obligation to supervise the activities of Insomnia. (Id. ¶¶ 7-10.) Defendants, "either through direct action or through actions of employees or agents directly imputable to Defendants . . . , did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment." (Id. ¶ 19.)

### B.   Procedural History

Plaintiff filed its complaint in this court on September 10, 2018 (Compl.), and service was properly executed on each defendant (Summons (Dkt. 5); Summons (Dkt. 6)). Defendants

failed to appear or answer. On December 12, 2018, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Clerk's Entry of Default (Dkt. 8).) Plaintiff moved for default judgment on January 24, 2019, seeking an order of default judgment awarding statutory damages, enhanced damages, and litigation costs (inclusive of attorney's fees). (See Mot.; Mem. in Supp. of Mot. ("Mem.") (Dkt. 9-1).) The court referred Plaintiff's motion to Judge Gold for an R&R. (Jan. 24, 2019 Order Referring Mot.)

On June 24, 2019, Judge Gold issued an R&R recommending that the court deny Plaintiff's motion. (See R&R.) Judge Gold found that Plaintiff failed to allege that the Program "was broadcast through radio, satellite, or cable transmissions, much less specify which of these was the means of broadcast," and thus failed to plead an essential element of its claims under the Act. (R&R at 3-4.)

Plaintiff timely objected to the R&R. (See Pl. Objs.) First, Plaintiff argues that an allegation of a satellite broadcast is reasonably inferred from the complaint. (Id. at 2-3.) Second, Plaintiff argues that evidence submitted in support of their motion establishes an interstate satellite broadcast. (Id. at 3-5). Finally, Plaintiff requests that, should the court agree with Judge Gold, it grant Plaintiff leave to amend its complaint. (Id. at 5-6).

## II.   LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (internal citation omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . ."

(internal citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (alterations adopted)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). To obtain de novo review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## III. APPLICATION

Plaintiff asserts claims under 47 U.S.C. §§ 605 and 553. Section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). The Second Circuit has applied § 605 to the

theft of satellite communications. See Cmty. Television Sys., Inc. v. Caruso, 284 F.3d 430, 435 (2d Cir. 2002). Section 553 provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).

The court agrees with Judge Gold that a plaintiff asserting a claim under § 605 or § 553 "must allege specifically what type of communication signal the defendant intercepted or used without authorization: radio, satellite, or cable." (R&R at 3); see also J & J Sports Prods., Inc. v. Abdelraouf, No. 18-CV-2547 (ARR), 2019 WL 457719, at *4 (E.D.N.Y. Feb. 5, 2019); J & J Sports Prods., Inc. v. Paucar, No. 17-CV-05358 (RJD) (VMS), 2018 WL 4501057, at *5–6 (E.D.N.Y. July 16, 2018), adopted by 2018 WL 4494874 (E.D.N.Y. Sept. 19, 2018); J & J Sports Prods., Inc. v. Ferreiras, 15-CV-6546, 2018 WL 6168557, at *6, *9 (E.D.N.Y. Nov. 20, 2018). Here, Plaintiff did not allege in its complaint the specific type of signal intercepted and used by Defendants. This omission is fatal to Plaintiff's motion.

In its objections, Plaintiff directs the court to an aged Third Circuit opinion finding that an allegation of a statutory violation sufficiently establishes the necessary elements under "the federal practice of notice pleading." (Pl. Objs. at 3); Miller v. Am. Tel. & Tel. Co., 507 F.2d 759, 763 (3d Cir. 1974) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)). Somewhat more recently, however, the Supreme Court abrogated Conley and redefined the federal practice of notice pleading. See generally Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief). Here, Plaintiff's failure to allege the type of signal Defendants intercepted means that it

does not even make a "threadbare recital[] of the elements" of a claim under § 605 or § 553, let alone establish Defendants' liability as a matter of law.

Plaintiff's second argument is similarly unpersuasive. Plaintiff attempts to remedy the defects in its complaint by pointing to an affidavit submitted in support of its motion for default judgment. (Pl. Objs. at 3-4). In another case in this district brought by Plaintiff, the court found the same argument to be "plainly contradicted by black-letter law." Abdelraouf, 2019 WL 457719, at *4. This court agrees. To prevail on a motion for default judgment, "the factual allegations in the complaint must themselves be sufficient to establish a right to relief." United States v. Thomas, No. 18-CV-1104 (PKC), 2019 WL 121678, at *4 (E.D.N.Y. Jan. 7, 2019); see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law.'" (quoting Finkel, 577 F.3d at 84) (alterations adopted))).

Here, as explained above, the factual allegations in the complaint do not establish Defendants' liability as a matter of law. Therefore, Plaintiff is not entitled to default judgment.

## IV. PLAINTIFF'S REQUEST TO AMEND COMPLAINT

Plaintiff requests that it be allowed to amend its complaint should the court adopt the R&R. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be given "freely . . . when justice so requires." Id.; see also Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993). It is a longstanding principle of American jurisprudence that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182

(1962). Because the court finds that the facts underlying Plaintiff's complaint "may be a proper

subject of relief," id., the court grants Plaintiff's request for leave to amend its complaint.

## V.   CONCLUSION

For the reasons explained above, the court OVERRULES Plaintiff's objections,

ADOPTS IN FULL the R&R (Dkt. 12), and DENIES Plaintiff's motion for default judgment

(Dkt. 9). Plaintiff's request to amend its complaint is GRANTED and Plaintiff is DIRECTED to

file an amended complaint within seven days of the date of this order.


SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 18, 2019

NICHOLAS G. GARAUFIS
United States District Judge